FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 26, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MEGAN S.,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 1:17-CV-03172-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 14. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Disability Insurance Benefits under Title II and her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 401-434, 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

## I. Jurisdiction

Plaintiff protectively filed her application for Disability Insurance Benefits on April 24, 2012, and protectively filed her application for Supplemental Security Income on May 2, 2012. AR 13, 186-89, 383. Her alleged onset date of disability is January 30, 2008. AR 13, 186, 358. Plaintiff's applications were initially denied on August 9, 2012, AR 117-23, and on reconsideration on December 14, 2012, AR 126-36.

A hearing with Administrative Law Judge ("ALJ") Kimberly Boyce occurred on February 12, 2014. AR 27-70. On February 26, 2014, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 13-22. The Appeals Council denied Plaintiff's request for review on May 11, 2015. AR 1-3. The Federal District Court for the Eastern District of Washington granted Plaintiff's motion for summary judgment in part and remanded for further proceedings on April 5, 2016. AR 414, 416-52.

A new hearing with the ALJ occurred on March 13, 2017. AR 381-404. On August 8, 2017, the ALJ issued a new decision again finding Plaintiff ineligible for disability benefits. AR 359-72. Plaintiff did not appeal this decision to the Appeals Council, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on October 12, 2017. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done

for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or he is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.*

*Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 27 years old at the alleged date of onset. AR 186, 371. She has at least a high school education and she is able to communicate in English. AR 371. Plaintiff has a history of marijuana abuse. AR 362, 368. Plaintiff has past work as a taxi driver, caregiver, agricultural produce washer, and food service worker. AR 202, 239, 371.

## V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from January 30, 2008, through the date of the ALJ's decision. AR 359, 372.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 30, 2008 (citing 20 C.F.R. §§ 404.1571 *et seq*., and 416.971 *et seq*.). AR 361.

**At step two**, the ALJ found Plaintiff had the following severe impairments: depression and posttraumatic stress disorder (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 361.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 362.

**At step four**, the ALJ found that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: in order to meet ordinary and reasonable employer expectations regarding attendance, production and work place behavior, she can understand, remember and carry out unskilled, routine and repetitive work that can be learned by demonstration, and in which tasks to be performed are predetermined by the employer; she can cope with occasional work setting change and occasional interaction with supervisors; she can work in proximity to coworkers, but not in a team or cooperative effort; and she can perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact with the general public is not precluded. AR 364.

The ALJ found that Plaintiff is capable of performing her past relevant work as an agricultural produce washer. AR 371.

**At step five**, the ALJ found in light of her age, education, work experience, and residual functional capacity, there are additional jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 371-72. These include industrial cleaner, kitchen helper, and laundry worker. AR 372.

\\

\\

## VI. Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) improperly evaluating the medical opinion evidence; (2) failing to fully and fairly develop the record; (3) improperly evaluating the lay witness evidence; and (4) failing to meet her burden at steps four and five to identify specific jobs, available in significant numbers, which Plaintiff could perform despite her limitations.

## VII. Discussion

**A. The ALJ Properly Weighed the Medical Opinion Evidence.**

    **a. Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id.* at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not

be rejected unless "clear and convincing" reasons are provided. *Id.* at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### b. Manual Gomes, Psy.D.

Dr. Gomes is a psychologist who examined Plaintiff in July 2012. AR 339-45. Dr. Gomes opined that Plaintiff has no difficulty in performing in simple, detailed, or complex tasks; she has no indication of cognitive deficit; but she has moderate impairment in her ability to work with others and she is unable to manage working consistently for long periods of time. AR 345. Dr. Gomes' opinion is contradicted by Dr. Fligstein, Dr. Gardner, and the examination and treatment notes of Plaintiff's treating medical providers.

The ALJ did not completely reject Dr. Gomes' opinion, but assigned it little weight. AR 369. The ALJ provided multiple reasons supported by the record for discounting Dr. Gomes' opinion. AR 369-70. First, the ALJ noted that Dr. Gomes' opinion is based almost entirely on Plaintiff's subjective complaints; which subjective complaints the ALJ has discounted and Plaintiff does not contend that the ALJ erred in discounting her subjective complaints. AR 369-70. An ALJ may discount even a treating provider's opinion if it is based largely on the claimant's self-reports and not on clinical evidence, and the ALJ finds the claimant not credible. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Indeed, Dr. Gomes' opinion consists almost entirely of Plaintiff's subjective complaints and reports, Plaintiff's GAF scores which are based on subjective reporting, and Plaintiff's medical treatment notes from March 29, 2010 only. AR 339-45. Additionally, as noted by the ALJ, other than referencing his own note that Plaintiff had no cognitive or significant memory deficits, Dr. Gomes explicitly links each of his opinion statements solely to Plaintiff's subjective complaints and reports, which are inconsistent with the overall record and discounted by the ALJ. AR 345, 369-70. "[A]n ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Next, that ALJ found that Dr. Gomes' opinion is inconsistent with the overall medical record which Dr. Gomes did not review, inconsistent with Plaintiff's actual level of ability, and inconsistent with Plaintiff's lack of any psychiatric treatment or mental health counseling. AR 370. This determination is supported by the record. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). An ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Plaintiff's treating medical providers consistently detailed unremarkable examinations consisting of no unusual anxiety or depression, normal medical examinations, normal mood and affect, normal knowledge and language, normal judgment, normal memory, normal concentration and attention, and Plaintiff's denials of feeling hopeless. AR 291, 294, 353, 366, 370, 620, 622, 626, 628, 631, 632. Plaintiff also failed to seek medical treatment and failed to comply with medical treatment, as she had very limited medical treatment and she did not take her medication as directed and continued to use marijuana, even though she had been advised by her physician that marijuana was the "core of her dysfunction and depression." AR 368, 277.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of Dr. Gomes' opinion.

**B. The ALJ Did Not Fail to Fully and Fairly Develop the Record.**

Plaintiff very briefly alleges that the ALJ failed to fully and fairly develop the record because she discounted Dr. Gomes' examining opinion and all of the medical opinions were dated. ECF No. 12 at 11-12.

In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983). The regulations provide that the ALJ may attempt to obtain additional evidence when the evidence as a whole is insufficient to make a disability determination, or if after weighing the evidence the ALJ cannot make a disability determination. 20 C.F.R. § 404.1527(c)(3); see also 20 C.F.R. § 404.1519a. Importantly, "[a]n ALJ's duty to

develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001); *Tonapetyan*, 242 F.3d at 1150. "The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan*, 242 F.3d at 1150 (citing *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998); *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)).

The ALJ did not fail to develop the record in the case at hand. The record before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of the disability claim. Substantial evidence supports the ALJ's decision that Plaintiff is not disabled. Additionally, the ALJ allowed Plaintiff to submit additional evidence late and admitted it into the record. AR 258-59.

Accordingly, the ALJ's duty to further develop the record was not triggered, the evidence is not ambiguous or inadequate, and the ALJ did not err. M*ayes*, 276 F.3d at 459–60; *Tonapetyan*, 242 F.3d at 1150.

**C. The ALJ Properly Evaluated the Lay Witness Evidence.**

The opinion testimony of Plaintiff's husband, Jason S., falls under the category of "other sources." "Other sources" for opinions include nurse

practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

In May 2012, Plaintiff's husband filled out a third party function report. AR 231-38. Plaintiff's husband states that Plaintiff struggled to get up on time every morning, she rarely left the home, and she did not handle stress well; he further stated that she had no limitations related to following instructions, paying attention, or getting along with others. *Id*. Plaintiff briefly contends that the opinion of her husband should not be discounted for the same reasons her subjective complaints were discounted because his statements regarding her limitations are different than her own. However, other than providing a greater ability regarding following instructions, paying attention, or getting along with others, as the ALJ noted, the allegations by Plaintiff's husband mirror those presented by Plaintiff herself. AR 368. Thus, the ALJ applied the same reason to discount the opinion of Plaintiff's

husband as she did in discounting Plaintiff's subjective complaints. *Id*. The statements made by Plaintiff's husband generally reflect the same allegations made by Plaintiff, which the ALJ properly determined were not entirely credible. AR 594; *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (upholding the ALJ's rejection of a lay witness for the same reasons the ALJ rejected the claimant's credibility); *see also Molina*, 674 F.3d at 1117. Plaintiff does not contest the ALJ's decision to discount her subjective complaints due to their inconsistency with the medical record, inconsistency with her daily activities, Plaintiff's failure to treat her alleged impairments, and Plaintiff's failure to comply with treatment advice. AR 365-68.

The Court notes that the ALJ could have done much better in detailing the reasons for discounting the opinion of Plaintiff's husband; however, the ALJ properly provided germane reasons for not fully crediting his statements. The ALJ properly assessed Plaintiff's husband's allegations, and as the information provided by Plaintiff's husband is cumulative to that provided by Plaintiff, the ALJ's well-reasoned explanations for rejecting Plaintiff's subjective complaints properly apply equally well to the ALJ's weighing of the statements provided by Plaintiff's husband.

\\

\\

**D. The ALJ did not err at step five of the sequential evaluation process.**

Plaintiff argues that the ALJ erred in assessing Plaintiff's residual functional capacity and the resulting step five finding did not account for all of her limitations, specifically Plaintiff contends that the ALJ improperly found that she can perform past relevant work and that the ALJ did not include the impairments in Dr. Gomes' discounted opinion. The Court disagrees. The ALJ specifically stated that all symptoms consistent with the medical evidence were considered in assessing Plaintiff's residual functional capacity. AR 361, 362, 364. The record shows the ALJ did account for the objective medical limitations, so the Court finds no error. Additionally, the ALJ need not specifically include limitations in the hypothetical if they are adequately accounted for in the residual functional capacity. *See Stubbs-Danielson*, 539 F.3d 1169, 1173-76 (9th Cir. 2008). The Court will uphold the ALJ's findings when a claimant attempts to restate the argument that the residual functional capacity finding did not account for all limitations. *Id*. at 1175-76.

The ALJ properly framed the hypothetical question addressed to the vocational expert. Additionally, the vocational expert identified jobs in the national economy that exist in significant numbers that match Plaintiff's abilities. Thus, the Court finds the ALJ did not err in assessing Plaintiff's residual functional capacity
**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 17

and the ALJ properly identified jobs that Plaintiff could perform despite her limitations.

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 14,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 26th day of October, 2018.

 *s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 18